UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CONVERGENT MOBILE, INC.**, <br> Plaintiff, <br> v. <br> **JTH TAX, INC. DBA LIBERTY TAX SERVICE**, <br> Defendant. | Case No. 19-cv-6484-YGR <br><br> **ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE** <br><br> Dkt. No. 32 |

Defendant JTH Tax, Inc. dba Liberty Tax Service ("JTH") has filed an ex parte motion (Dkt. No. 32) for temporary restraining order and request for an order to show cause and set a hearing on a preliminary injunction to: (1) enjoin plaintiff Convergent Mobile, Inc. ("Convergent") from the destruction or deletion of JTH's Customer Confidential Information throughout the pendency of this action, including but not limited to, JTH's current Google My Business ("GMB") account (libertytax.gmb@gmail.com); and (2) mandate that Convergent relinquish access and control over JTH's GMB account and access and control to any and all other GMB accounts Convergent has services on JTH's behalf within three business days of the issuance of any order.

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Preliminary injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, is an "extraordinary and drastic remedy," that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted). In order to obtain such relief, a party must establish four factors: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of

preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council. Inc.,* 555 U.S. 7, 20 (2008).

JTH has not satisfied the aforementioned requirements. Specifically, JTH does not and cannot establish a likelihood of success on the merits, because, as conceded multiple times in the motion, the subject matter of this particular dispute is outside the scope of this litigation – here, litigation revolving around a contractual dispute between Convergent and JTH. (*See* Dkt. No. 32 at 5 ("Moreover, the GMB account and the content contained therein is not a subject of this litigation . . . . The GMB account and JTH's content . . . is solely the property of JTH, and its fate is not at issue in this litigation."), 10 ("As noted above, the first factor a Court will consider in determining whether injunctive relief is warranted is whether the party seeking relief can demonstrate a likelihood of success on the merits at trial. However, in this instance, the first factor is somewhat irrelevant."), 11-12 ("In essence, whether or not JTH breached the agreement is irrelevant to the question of ownership of the GMB account and content . . . . JTH is quite confident it will successfully defend this action at trial, if necessary. But its right to the content Convergent is holding hostage is not dependent on a favorable outcome at trial. As such, JTH's likelihood of success on the merits should not factor into the instant dispute.").)

Accordingly, the motion is **DENIED WITHOUT PREJUDICE** based upon the record presently before the Court.

This terminates Docket No. 32.

**IT IS SO ORDERED.**

Dated: December 20, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**