UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CONVERGENT MOBILE, INC.**, <br> Plaintiff, <br> v. <br> **JTH TAX, INC. DBA LIBERTY TAX SERVICE**, <br> Defendant. | Case No. 4:19-cv-06484-YGR <br><br> **ORDER: (1) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; (2) DENYING MOTION TO STRIKE; AND (3) SETTING CASE MANAGEMENT CONFERENCE** <br><br> Dkt. Nos. 6, 7 |

The Court is in receipt of defendant JTH Tax, Inc. dba Liberty Tax Service's ("JTH") motion to dismiss and motion to strike. (Dkt. Nos. 6 and 7.) For the reasons set forth below: the motion to dismiss is **DENIED** as to claims for breach of contract and for breach of the covenant of good faith and fair dealing, and **GRANTED** as to the claim for promissory estoppel; and the motion to strike is **DENIED**. The standards with respect to these motions are well-known and are not in dispute.

**I.   MOTION TO DISMISS**

The complaint alleges three causes of action: Breach of Contract (First Cause of Action), Promissory Estoppel (Second Cause of Action), and Breach of the Covenant of Good Faith and Fair Dealing (Third Cause of Action). The core of this Order is based on a fundamentally different view of the complaint by the Court as opposed to JTH's reading. Under the Federal Rules of Civil Procedure, a plaintiff need only provide allegations to satisfy the notice pleading standard under Rule 8. This is fundamentally a business dispute arising out of commercial interactions. There is no surprise, and plaintiff Convergent Mobile, Inc. ("Convergent") need not provide the level of detail JTH seeks. JTH is undeniably on notice of the basic dispute described in the complaint.

1   With respect to the first cause of action, a breach of contact claim, while the statements of
2   law referenced in JTH's briefing are accurate with respect to one method of proving a breach of
3   contract claim, other manners of proving a breach of contract also exist.  Fundamentally: to
4   "prevail on a cause of action for breach of contract, the plaintiff must prove (1) the contract, (2)
5   the plaintiff's performance of the contract or excuse for nonperformance, (3) the defendant's
6   breach, and (4) the resulting damage to the plaintiff."  *Richman v. Hartley*, 224 Cal.App.4th 1182,
7   1186 (2014).  The Court finds the complaint sufficiently alleges each of these elements.  The
8   motion as to this claim is therefore **DENIED**.

9   With respect to the second cause of action, a claim for promissory estoppel, the Court
10  agrees that "[u]nder California law, the same allegations that give rise to a breach of contract
11  claim cannot also 'give rise to a claim for promissory estoppel, as the former [is] predicated on a
12  promise involving bargained-for consideration, while the latter is predicated on a promise
13  predicated on reliance in lieu of such consideration.'"  *JMP Securities LLP v. Altair
14  Nanotechnologies Inc.* 880 F.Supp.2d 1029, 1040-41 (N.D. Cal. 2012) (quoting *Co-Investor, AG
15  v. FonJax, Inc.,* C 08-01812 SBA, 2008 WL 4344581, at *3 (N.D. Cal. Sept. 22, 2008) (collecting
16  California cases)).  While the Court agrees that in general a party may plead in the alternative,
17  Convergent suggests no facts which would suffice to frame a separate and independent claim.  The
18  motion is therefore **GRANTED** as to this claim.

19  The claim for the breach of the covenant of good faith and fair dealing, the third cause of
20  action, is frequently pled in conjunction with a breach of contract claim.  Usually at the pleading
21  stage, a court has an incomplete record to determine whether it should be dismissed as a matter of
22  law: where allegations indicate that the defendant "violated the [agreement's] implied covenant of
23  good faith and fair dealing by [acting] in a in a way not reasonably contemplated by the contract or
24  the parties," a plausible claim exists.  *See Co-Investor, AG, supra,* (citing *Egan v. Mut. of Omaha
25  Ins. Co.* 24 Cal.3d 809, 818 (1979); *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* 222 Cal.App.3d
26  1371, 1394-95 (1990)).   Here, while indeed bare bone, the allegations are sufficient to allege that
27  JTH acted in a manner knowing that its conduct would materially cause Convergent to enter into
28  obligations with other third parties for JTH's benefit and later causing harm given JTH's actions.

The motion as to this claim is therefore **DENIED**.

Accordingly, for the foregoing reasons, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## II.  MOTION TO STRIKE

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517 (1994)). "Motions to strike 'are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011) (quoting *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).

Further, because Rule 12(f) motions are disfavored, "courts often require a showing of prejudice by the moving party before granting the requested relief." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (quoting *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.*, 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (quoting *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004)). It is within the sound discretion of the district court whether to grant a motion to strike. *See Whittlestone*, 618 F.3d at 973 (citing *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000)).

Here, JTH was advised against filing a motion to strike. JTH nevertheless did, and yet failed to articulate any prejudice necessitating such a motion. While the Court understands the desire to eliminate the prospect of attorney fees from litigation, this alone is an insufficient reason to bring a Rule 12(f) motion to busy courts, especially where the contract itself creates an issue.

The state court in *Brown Bark III, L.P. v. Haver*, 219 Cal. App. 4th 809, 818–19 (2013),

provides a good overview as to attorney fees under California state law. Thus:

> [In general, under California law, a] party may not recover attorney fees unless expressly authorized by statute or contract. Code Civ. Proc., § 1021; *Sessions Payroll Management, Inc. v. Noble Construction Co.*, 84 Cal.App.4th 671, 677 (2000). In the absence of a statute authorizing the recovery of attorney fees, the parties may [nevertheless] agree on whether and how to allocate attorney fees. *Xuereb v. Marcus & Millichap, Inc.*, 3 Cal.App.4th 1338, 1341 (1992). They may agree the prevailing party will be awarded all the attorney fees incurred in any litigation between them, limit the recovery of fees only to claims arising from certain transactions or events, or award them only on certain types of claims. The parties may agree to award attorney fees on claims sounding in both contract and tort. *Id.* at pp. 1341–42. To ensure mutuality of remedy, however, section 1717 makes an attorney fee provision reciprocal even if it would otherwise be unilateral either by its terms or in its effect. *Santisas v. Goodin*, 17 Cal.4th 599, 610 (1998); *Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 128 (1979).

*Brown Bark III*, 219 Cal. App. 4th at 818-19 (internal citations altered).

Here the contract appears to contemplate unilateral attorney fees solely for JTH in paragraph 10(b) of the parties' agreement. The Court need not decide at this juncture whether section 1717 would render reciprocal the unilateral attorney fees provision. Suffice it to say, the allegations in the complaint should not be stricken at this juncture. To the extent that the motion sought to strike more that the attorney fees allegation, such a motion would be wholly without merit. Accordingly, the motion to strike is **DENIED**.

### III. CONCLUSION

For the reasons set forth above: (1) the motion to dismiss is **GRANTED IN PART** as to the claim for promissory estoppel and **DENIED IN PART** as to claims for breach of contract and for breach of the covenant of good faith and fair dealing; and (2) the motion to strike is **DENIED**.

Convergent additionally requested leave to amend in response to the motion to dismiss with respect to all three claims. Given (i) the delay in the progress of this case, (ii) that the motion was denied as to two of the claims, and (iii) the likely futility of any amendment as to the claim for promissory estoppel, the request to amend is **DENIED**. JTH shall file an answer to the complaint by **May 8, 2020**. Should Convergent maintain that sufficient independent facts exist to establish a claim for promissory estoppel, it may file a motion to amend by no later than **May 6, 2020**. If so filed, JTH is relieved of the May 8th filing deadline and instead shall respond to the motion to

1  amend on a normal briefing schedule as permitted under the local rules.

2  A case management conference is hereby scheduled for **June 1, 2020** at **2:00 p.m.** In light

3  of the uncertainties with the ongoing coronavirus disease (COVID-19) pandemic, the parties are

4  instructed to check the Court's scheduling notes to determine whether the conference will be held

5  in person or by some alternate platform.

6  This Order terminates Docket Numbers 6 and 7

7  **IT IS SO ORDERED.**

8  Dated: April 22, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**