**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CONVERGENT MOBILE, INC.**,<br>Plaintiff,<br>v.<br>**JTH TAX, INC.**,<br>Defendant. | Case No. 4:19-cv-06484-YGR<br><br>**ORDER DENYING MOTION FOR NEW TRIAL, OR, IN THE ALTERNATIVE, TO ALTER OR AMEND THE JUDGMENT AND/OR MAKE ADDITIONAL FINDINGS**<br><br>Re: Dkt. No. 119 |

This case arises out of an alleged contractual breach eighteen (18) months into a three-year commercial agreement. The Court previously issued a Rule 52 Order and issued judgment in favor of plaintiff Convergent Mobile, Inc. ("CMI") as against defendant JTH Tax. Inc. ("JTH"). (Dkt. Nos. 112, 117, respectively.) CMI, unsatisfied with the damages award, has filed a motion for a new trial under Federal Rules of Civil Procedure ("FRCP") "59(a), 59(e) and 52(b) on the grounds that the damage amount issued by the Court at the conclusion of the bench trial was based on a manifest error of law and fact." CMI seeks an order granting its "motion for a new trial on damages to be conducted at the earliest reasonable opportunity so that a determination can be made as to plaintiff's damages;" or, in the alternative, granting its "motion to alter or amend the Order to find that judgment should be entered in favor of CMI in the amount of $2,257,200 plus prejudgment interest and Judgment in CMI's favor to be in the amount of $2,538,662.86." (Dkt. No. 119.) In support of its motion, CMI has submitted a declaration from its chief executive officer, Michael Breen, providing additional evidence claiming that he misunderstood questions at trial regarding the company's net profit. (Dkt. No. 119-1.)

The standards for the instant motion are well known and not in dispute. After a nonjury trial, a new trial may be ordered "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." FRCP 59(a)(1)(B). Rule 59 does not specify the grounds upon which a motion for new trial may be granted. Instead, a court is "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem. Seafoods, Inc.*, 339 F.3d 1020, 1035

(9th Cir. 2003). There are three grounds for granting new trials after bench trials: (1) manifest error of law; (2) manifest error of fact, and (3) newly discovered evidence. *See Brown v. Wright*, 588 F.2d 708, 710 (9th. Cir. 1978); *see also Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 n. 4 (9th Cir. 2007). "A new trial may be ordered to correct manifest errors of law or fact, but the burden of showing harmful error rests on the party seeking the new trial." *Boston Scientific Corp. v. Johnson & Johnson*, 550 F.Supp.2d 1102, 1110 (N.D. Cal. 2008) (citation and internal quotation marks omitted). Granting a new trial is left to the sound discretion of the trial court. *See City Sols., Inc. v. Clear Channel Commc'ns*, 365 F.3d 835, 843 (9th Cir. 2004).

This business dispute, like many others, involved a contract which could have been more clear and precise; where actions taken under the contract could have been better documented; and which revealed performance issues due to the inexperience of the plaintiff's principals. California law regarding breach of contract and the implied covenant of good faith and fair dealing is well documented and was outlined in the Court's Rule 52 Order. In this action, rather than understanding the limitations of each party's legal positions, the parties did not compromise and settle, but maintained two divergent views through trial. In resolving this dispute, after a full trial on the merits, the Court is not bound by the parties' polar opposite positions. Rather, the Court is able to use its full knowledge of the law and apply it to the facts as found.

CMI's motion does not indicate that the Court's statement of the California law is wrong. Thus, there is no manifest error of law.[1] Rather, CMI instead takes issue with the application of the facts to the law with respect to mitigation. In particular, it attempts, after the fact, to change the testimony of Mr. Breen with respect to net profits by submitting various spreadsheets as

---

[1] During the hearing on the instant motion, CMI relied on two cases, *Distillers Distrib. Corp. v. J. C. Millett Co.*, 310 F.2d 162 (9th Cir. 1962) and *Tomlinson v. Wander Seed & Bulb Co.*, 177 Cal.App.2d 462 (1960) to argue that the Court's calculation of damages was a manifest error of law. CMI does not persuade. *Distillers* confirms that California law "applies a liberal rule in allowing a court or jury to determine the amount of damages" and that "net profits not gross profits are the proper measure of recovery." *See Distillers Distributing Corp.*, 310 F.2d at 163-64. While gross profits *may* be awarded as representing net profits where the evidence shows that the operating expenses are fixed, that situation is applicable where the operating expenses are continuing. *Id.; see also Tomlinson*, 177 Cal.App.2d at 475 (finding that there was sufficient evidence to infer that plaintiff's operating expenses were fixed and would have continued). Here, the primary operating expenses were *not* continuing.

2

1  additional evidence.² In effect, CMI argues that the Court's analysis constitutes a manifest error of
2  law, or alternatively, a manifest error of fact.  The Court disagrees.

3         The Court properly applied Mr. Breen's testimony to the law with respect to mitigation,
4  and discounted the accuracy of his testimony given Mr. Breen's lack of credibility and tendency to
5  skew the truth for his own benefit.³  CMI has provided no authority that the Court's articulation of
6  the law is wrong or that the Court lacks the discretion to make credibility determinations.  Rather,
7  CMI proffers allegedly "additional evidence."  In reality, this counter to the Court's finding is not
8  "new," just belated.  It could have been raised at the time of trial and was not.  Further, aside from
9  the evidentiary issues raised by the proffer, the notion that Mr. Breen's trial testimony could be so
10 different from CMI's current submission raises additional concerns regarding the accuracy of the
11 additional proffer.⁴  The Court underscores that Mr. Breen testified that he *did nothing* other than
12 work on litigating this case from August 2019 until the trial in March 2021; he had no other
13 clients; and he laid off all his employees as of August 2019.  (*See* Dkt. No. 121-1) (Broomand
14 Decl., ¶ 3, Ex. B, 360:10-23; *Id.* at ¶ 4, Ex. C, 439: 9-15, 441:3-5; 445:10-25.)  That he would not
15 have had a relatively accurate understanding of the net profits CMI had lost is not credible.

16        With respect to the Court's questioning on the fundamental topic of mitigation, the law
17 grants district judges wide discretion to participate in the questioning of witnesses in order to
18 satisfy its truth-seeking function. "It is well established that a trial judge is more than a moderator
19 or umpire." *United States v. Mostella,* 802 F.2d 358, 361 (9th Cir.1986); *Swinton v. Potomac*
20 *Corp.*, 270 F.3d 794, 808 (9th Cir. 2001).  "[T]he trial judge may question a witness if he deems it

---

² The Court notes that these spreadsheets appear, on their face, to lack a sufficient evidentiary basis.

³ CMI did not call, nor request to call, any rebuttal witnesses to expand upon Mr. Breen's testimony after the Court's questioning, nor did CMI seek clarification of Mr. Breen's position regarding estimated profits during its further re-direct examination.

⁴ Further, it's notable that CMI proffers unsubstantiated spreadsheets, rather than something more credible, such as income tax returns submitted under penalty of perjury and under the risk of prosecution.

necessary to clarify a matter or to more fully develop the facts . . . ."[5] *United States v. Trapnell,* 512 F.2d 10, 12 (9th Cir.1975). In fact, Federal Rule of Evidence 614(b) explicitly provides the Court with that ability: "The court may examine a witness regardless of who calls the witness." Thus, it was well within the Court's province to make inquiries on basic issues to resolve a dispute where the parties could not.

Accordingly, for the foregoing reasons, the motion for new trial is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 22, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[5] CMI's attempt to litigate pretrial issues do not persuade otherwise.

4